# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
Assigned on Briefs October 25, 2016 at Knoxville

## WILLIAM REYNOLDS v. CHERRY LINDAMOOD, WARDEN

**Appeal from the Circuit Court for Wayne County**
**No. 15872    Robert L. Jones, Judge**

_____

**No. M2016-01312-CCA-R3-HC – Filed November 7, 2016**

_____


William Reynolds ("the Petitioner") was indicted for sale of cocaine in an amount less than .5 grams in a school zone, a Class B felony. He entered a negotiated plea to sale of .5 grams or more of cocaine, a Class B felony, and was sentenced to twelve years' incarceration as a career offender with release eligibility after service of 60% of the sentence. The Petitioner filed petition for writ of habeas corpus challenging his conviction which the habeas corpus court denied. On appeal, the Petitioner claims that his judgment of conviction is void because the indictment was insufficient to support his plea to an increased amount of cocaine and that the habeas corpus court erred in summarily dismissing his Petition for Writ of Habeas Corpus. After a review of the record and applicable law, we affirm the judgment of the habeas corpus court.


**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**


ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and J. ROSS DYER, JJ., joined.

William Reynolds, Clifton, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; M. Todd Ridley, Assistant Attorney General; Brent Cooper, District Attorney General; and Jonathan Davis, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

## Factual and Procedural Background

The Petitioner was indicted on September 10, 2014, by the Giles County Grand Jury. The record on appeal contains only a copy of the back of the indictment which states the Petitioner is indicted for "sale of cocaine, [S]ch[edule] II in an amount of less than .5 grams within a drug[-]free school zone F-C."[1] Pursuant to a negotiated plea agreement, the Petitioner pleaded guilty to sale of cocaine, Schedule II, in an amount of .5 grams or more, a Class B felony, and was sentenced by the trial court to twelve years to be served in the Department of Correction.

On the judgment of conviction, the "Offender Status" is checked for "Persistent" and the "Release Eligibility" is checked for "Career 60%." Typed in the "Special Conditions" box of the judgment is the following: "Credit for time served. The defendant is agreeing to plea outside the range. It is a total sentence of 12 years to be served as Range III with 60% eligibility[.]" In the same box below the typed comment, the following is handwritten: "A knowing and voluntary plea waives any irregularity as to offender classification or release eligibility. Hicks v. State 945 SW2d 706."[2]

The Petitioner filed a Petition for Writ of Habeas Corpus in which he claimed that he was "restrained of his liberty by virtue of a void judgment which is facially invalid because the court lacked jurisdiction to render the judgment because Petitioner's sentence was imposed in direct contravention to T.C.A. § 39-17-417(a)(3) [and] (c)(2)(A)."[3] The State filed a motion to summarily dismiss the petition, and the habeas corpus court granted the motion without a hearing.

---

[1] The indicted offense is actually a Class B felony. Although Tennessee Code Annotated section 39-17-417(c)(2)(A) classifies sale of Schedule II controlled substance in the amount of less than .5 grams is a Class C felony, Tennessee Code Annotated section 39-17-432(b)(1) increases by one classification the offenses listed in Tennessee Code Annotated section 39-17-417(b)-(i) if committed within a drug-free zone. The Petitioner previously filed a motion to correct an illegal sentence which was summarily denied. The trial court entered an order finding there was a clerical mistake on the back of the indictment but that the body of the indictment "correctly describes [the offense] as a B felony, since the allegation involves a drug[-]free zone." The order also stated that the judgment correctly noted that the indicted offense was a Class B felony.

[2] This type of negotiated plea is sometimes referred to as a "Hicks plea".

[3] Tennessee Code Annotated section 39-17-417(a)(3) provides that it is a criminal offense to sell a controlled substance. Tennessee Code Annotated section 39-17-417(c)(2)(A) provides that the sale of a Schedule II controlled substance in an amount of less than .5 grams is a Class C felony.

2

**Analysis**

On appeal, the Petitioner presents one issue:

> The indictment is insufficient because it charged the [Petitioner] with sale
> of cocaine, [S]chedule II in an amount less than .5 grams within a drug[-]
> free school zone rather than sale of cocaine, [S]chedule II in an amount
> more than [.]5 grams within a drug[-]free school zone.

The Petitioner claims that the indictment did not put him on notice of the charge against him and that the judgment is void and that the trial court did not have jurisdiction to enter the void judgment. The State claims that the judgment is not void, that the trial court had jurisdiction to enter the judgment, and that the habeas corpus court properly dismissed the petition. We agree with the State.

Habeas corpus relief may only be granted in limited circumstances. Edwards v. State, 269 S.W.3d 915, 920 (Tenn. 2008). Unlike petitions for post-conviction relief, "the purpose of the habeas corpus petition is to contest void and not merely voidable judgments." Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992) (citing State ex rel. Newsome v. Henderson, 424 S.W.2d 186, 189 (Tenn. 1968)). "Habeas corpus relief is available in Tennessee only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993) (quoting State v. Galloway, 45 Tenn. (5 Cold.) 326, 336-37 (1868)). A petitioner bears the burden of establishing by a preponderance of the evidence that a judgment is void or that the confinement is illegal. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000). A habeas corpus petition may be summarily dismissed without a hearing when the petition "fails to demonstrate that the judgment is void." Hickman v. State, 153 S.W.3d 16, 20 (Tenn. 2004) (citing Tenn. Code Ann. § 29-21-109). "Whether habeas corpus relief should be granted is a question of law[,]" which we review de novo. Edwards, 269 S.W.3d at 919.

We will first address Petitioner's claim that the indictment did not place him on notice of the charge against him. In Ralph T. O'Neal v. State, No. M2015-01052-CCA-R3-HC, 2016 WL 153121, at *1 (Tenn. Crim. App. Jan. 12, 2016), perm. app. denied (Tenn. May 5, 2016), this court addressed an analogous issue arising from a similar factual situation. Pursuant to a negotiated plea agreement, Mr. O'Neal pleaded guilty to three counts of a six count indictment, including one count of Class B felony cocaine possession, in exchange for an eight-year sentence. He filed a petition for writ of habeas corpus claiming "that the trial court did not have the jurisdiction or authority to sentence

3

him for Class B felony cocaine possession because he was indicted only for Class C possession[.]" Id. This court noted that "the record was devoid of any evidence that [Mr. O'Neal] consented to an amendment or waived his right to indictment at the guilty plea proceedings." In affirming the summary dismissal of the defendant's habeas corpus petition, this court stated:

> In the present case, the judgment indicates that the Petitioner pled guilty to the offense of possession of a controlled substance in an amount over .5 grams, a Class B felony, and thus, we hold that the Petitioner consented to an amendment of the original indictment. Accordingly, the trial court retained jurisdiction to enter judgment on the amended charge and sentence the Petitioner.

Id. at 4.

Turning to the Petitioner's claim that the trial court lacked jurisdiction to enter the judgment, our supreme court addressed a similar claim, stating:

> With regard to allegedly improper sentences arising from plea bargains, we have stated repeatedly that offender range classification and release eligibility are "non-jurisdictional." See, e.g., Hoover v. State, 215 S.W.3d 776, 780 (Tenn. 2007). Thus, "a knowing and voluntary guilty plea waives any irregularity as to offender classification or release eligibility." Id.; Hicks, 945 S.W.2d at 709; see also State v. Mahler, 735 S.W.2d 226, 228 (Tenn. 1987). Accordingly, the parties may agree to a "hybrid" sentence that "mixes and matches" range assignment, term of years, and release eligibility without regard to what our sentencing scheme might call for absent a plea bargain *so long as* (1) the term of years is within the overall range of years specified for the offense, see Hoover, 215 S.W.3d at 779, and (2) the [release eligibility] is not less than the minimum allowable for the offense, see Lewis, 202 S.W.3d at 128. See also McConnell, 12 S.W.3d at 799 ("The 1989 [Sentencing] Act establishes the outer limits within which the State and a defendant are free to negotiate, and the courts are bound to respect those limits.").

Davis v. State, 313 S.W.3d 751, 759-60 (Tenn. 2010). The overall sentence range for a Class B felony is "not less than eight (8) years nor more than thirty (30) years." Tenn. Code Ann. § 40-35-111(b)(2).

Although the record on appeal does not contain a copy of a plea agreement or the transcript of the plea colloquy, it is clear that the Petitioner entered a plea of guilty to sale

of .5 grams or more of cocaine. Based on the notations in the "Special Conditions" section of the judgment, it is obvious that the Petitioner did so to obtain a twelve-year sentence with a 60% release eligibility rather than risk a twelve-year sentence with a 100% release eligibility, and a potential additional sentence of up to eight years with a 35% or 45% release eligibility depending on whether he was Range II or Range III.[4] We hold that the Petitioner consented to an amendment of the original indictment, that any error in the offender status or classification is non-jurisdictional because the Petitioner entered a negotiated plea and the sentence was within the overall range for a Class B felony, and that the trial court retained jurisdiction to enter the judgment on the amended charge of sale of cocaine, a Schedule II controlled substance, in the amount of .5 grams or more.

## III. Conclusion

For the aforementioned reasons, the judgment of the trial court is affirmed.

_____
ROBERT L. HOLLOWAY, JR., JUDGE

---

[4] Although not a basis for habeas corpus relief, the Petitioner claims in his brief that "the State increased the amount of cocaine in order to expose the [Petitioner] to a higher sentence." That claim is not correct and in fact the opposite is true. By dropping the drug-free school zone element of the indicted offense and increasing the amount of cocaine, the Petitioner received a lesser sentence based on a reduced release eligibility percentage. The Petitioner was indicted for sale of cocaine less than .5 grams in a drug-free school zone, a Class B felony. If the Petitioner had been convicted of the indicted offense, as a Range III offender, he would have faced a sentence of not less than twenty nor more than thirty years, with the twenty years being requiring by law to be served at 100% and with any additional sentence required to be served at 45%. The sentence imposed pursuant to the negotiated plea was twelve years at 60%. Even if the Petitioner had been convicted of the indicted offense, as a Range II offender, he would have faced a sentence of not less than twelve nor more than twenty years, with the twelve years being required by law to be served at 100% and with any additional sentence required to be served at 45%. The twelve-year sentence with a 60% release eligibly date imposed pursuant to the negotiated plea was even less than the minimum sentence for a Range II offender convicted of a Class B felony sale of cocaine in a drug-free school zone. By entering a plea outside the applicable range to sale of .5 grams or more of cocaine not in a school zone, the Petitioner's sentence was significantly shorter than the minimum sentence the Petitioner was facing had he been convicted of the indicted offense.